UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |  |
|---|---|---|
| INTENDIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:10-cv-02419-DKC |
| | ) | |
| RIVER'S EDGE PHARMACEUTICALS, LLC, *et ano.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO EXCLUDE
(1) EXPERT TESTIMONY PROFFERED BY PLAINTIFF
(*DAUBERT v. MERRELL DOW PHARMACEUTICALS, INC.*),
(2) EXPERT OPINIONS BY UNIDENTIFIED EXPERTS OR ON UNDESIGNATED TOPICS;
AND (3) OTHER EVIDENCE NOT RELEVANT TO THE ISSUES BEFORE THE COURT**

Plaintiff's Witness List (Doc. 55) identifies two witnesses from whom Plaintiff proposes to elicit expert testimony.  Defendants move to exclude such testimony, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), on the grounds that the proffered opinions lack sufficient scientific basis to be reliable in assisting the Court, on the basis of the deposition testimony given by the witnesses themselves.

Plaintiff's Proposed Exhibit List (Doc. 53) identifies numerous documents that are not relevant to the issues now before the Court on Plaintiff's motion for preliminary injunction.  Defendants move to exclude all such documents and all testimony relating to or based on them, pursuant to FRE 402 and 403.

## I. UNRELIABLE EXPERT TESTIMONY

Plaintiff's Witness List indicates an intention to present the following expert testimony

- 1 -

c.      Dr. James Del Rosso:  Dr. Del Rosso is a treating dermatologist, pharmacist and researcher, and he will offer opinion testimony about the clinical aspects of treating patients with benzoyl peroxide products as well as his assessment of the clinical significance of the claims in this case and the testing by Dow Laboratory.  Plaintiff incorporates the prior disclosure previously served in this matter.

d.      Dr. Simon Yeh:  Dr. Yeh will testify as a corporate representative of Dow Laboratory and will offer fact and opinion testimony about the report entitled "Equivalency Assessment Between NeoBenz and River's Edge Benzoyl Peroxide Products," and he will describe the undertaking, methodology, procedures, data, results of the test, and his opinions of the test results.  He will also offer opinion testimony about data from Sonar Labs on the River's Edge product, and may offer opinion testimony regarding the forthcoming report by Defendants' expert, Dr. Cummings.

Doc. 55 at 3, ¶¶ (c) and (d).

## A.  Dr. Del Rosso's Testimony Is Unreliable

Dr. Del Rosso has not been a practicing dispensing pharmacist since 1977, long before any of the products at issue in this action existed, long before pharmacists begun consulting computerized databases for information about pharmaceutical products, and even before state laws began authorizing pharmacists to dispense less expensive alternatives to brand-name products prescribed by physicians. Deposition, pp. 89-91.  Dr. Del Rosso has not conducted or reviewed any surveys of pharmacists relating to the products involved in this case.  Deposition, p. 97.  Dr. Del Rosso is, therefore, not competent to opine on how pharmacists or physicians would interpret or react to the "advertising" claims at issue in this case.

Dr. Del Rosso acknowledged that his only opinion about what pharmacists or physicians would think about the "advertising" claims at issue in this case is that they would think the literal statements made on the product label and package insert are true (Deposition, pp. 92-98), an opinion that needs no expertise to assist the Court in reaching.

Dr. Del Rosso testified that he does not have an opinion as to what might give Defendants' product a sustained release profile if it is not the vehicle described in Defendants' package insert.

Deposition, pp. 108-109.  Dr. Del Ross testified that he had not done any testing on Defendants' product himself, or any comparative testing on the two parties' products, which would be the best way to evaluate the relative efficacy of the products.  Deposition, pp. 138-142.

Dr. Del Rosso testified that his opinions about the significance of the DOW test report are based on the assumption that the report is accurate and unbiased.  *E.g.*, deposition, pp. 118, 128.

The United States Supreme Court has warned against acceptance of expert testimony with such flimsy basis as this:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.  This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-593 (1993)

Dr. Del Rosso should not, therefore, be permitted to testify about the products at issue in this case, or about the parties' descriptions of them, or about how they are perceived by physicians, pharmacists or patients.

### B.  Dr. Yeh's Testimony Is Unreliable

Dr. Yeh is the witness Plaintiff proposes to proffer to offer expert testimony about the DOW tests underlying the proposed testimony from Dr. Del Rosso.  Dr. Yeh did not conduct the tests, did not prepare the test protocols, and did not supervise the testing.  Deposition, pp. 8-9.  His testimony undercuts any possibility of scientific reliability.  For example:

- Dr. Yeh testified that DOW's testing was conducted with the specific goal of supporting Plaintiff's claims.  Deposition, pp. 149-151, 278-279.

- Dr. Yeh testified that the stability testing performed by Sonar, the manufacturer of Defendants' product, using samples obtained and maintained under controlled conditions and providing data over time in both accelerated and room temperature conditions, are "better" than DOW's tests. Deposition, pp. 252-253, 257, 280-281, 293-294.

- Dr. Yeh testified that DOW's method for assaying the benzoyl peroxide concentration in these products was not previously validated for a wash or a cream, but somehow self-validated. Deposition, pp. 178-179.

- Dr. Yeh testified that there is no FDA or USP standard for either upper or lower limit of permitted range around the stated label strength for benzoyl peroxide in a wash or a cream. Deposition, pp. 11-12, 247-248.

- Dr. Yeh testified that DOW had no information about the conditions in which the test samples had been stored (one sample for up to 15 months) before DOW obtained them.  Deposition, pp. 224-225, 233-234.

- Dr. Yeh testified that DOW's shelf-life evaluation assumed both that the product was initially formulated at 100% of the label strength and that the benzoyl peroxide degraded at a straight-line rate over time, without scientific basis for those assumptions, and that the results of the tests would differ significantly if different starting assumptions had been used.  Deposition, pp. 268-277, 280-281, 290-293.

- Dr. Yeh testified that he could not be sure that the particulate objects visible in DOW's microscopy images were benzoyl peroxide.  Deposition, pp. 79, 82, 88-89, 158.

- Dr. Yeh testified that Dow's testing would have been more certain if it head used a placebo. Deposition, pp. 91-92.

This testimony demonstrates that the DOW report is scientifically unreliable.  It should be excluded.

## II.  UNDESIGNATED WITNESSES/TOPICS

Plaintiff has shifted its factual and legal theories numerous times already since this controversy arose.  To the extent that Defendants have had an opportunity to investigate into the basis of Plaintiff's claims, or the evidence supporting them, Defendants have been able to find substantial weakness, sometimes to the extent that Plaintiff's position has completely reversed itself (*e.g.*, from initially claiming that Defendants' product releases its active ingredient too quickly to more recent claims that Defendants' product does not release the active ingredient quickly enough).  Defendants request, as a matter of due process and fundamental fairness, that Plaintiff be precluded from offering expert opinion by any other witnesses, and from offering expert opinions on any topics not specifically designated by Plaintiff.

## III.  IRRELEVANT EVIDENCE

Plaintiff has alleged, and proposes to offer into evidence, a letter from the FDA to Defendant River's Edge.  The letter specified by Plaintiff does not relate to the products at issue in this action, and does not relate to products produced by the same company that manufactured those at issue here.  River's Edge markets many products, obtained from many manufacturers.  Plaintiff intends to argue, without any factual or logical basis, that the products at issue here are subject to the same suspected flaws and that the manufacturer of these products is subject to the same accusations, despite the total absence on any evidence to that effect.  Such evidence is not relevant.  To whatever extent it might seem material to some issue, it would in any event be unfairly prejudicial, confusing and misleading, and allowing it would oblige Defendants to offer rebuttal, significantly delaying completion of the hearing in this matter.

Pursuant to FRE 402 and 403, the FDA letter and all testimony about it should be excluded.

## IV.  <u>CONCLUSION</u>

In the interest of submitting this motion early enough to give both Plaintiff and the Court adequate notice of the issues raised by it, Defendants have not attempted to specify every occasion on which the expert witnesses proferred by Plaintiff have testified to facts undermining the admissibility of they opinions Plaintiff hopes to elicit from them.   The statement of grounds stated above should, therefore, be understood as illustrative and not exhaustive.

Plaintiff's exhibit list is long, and it may be that Plaintiff has been overinclusive out of abundance of caution.  Defendants do not, by this motion, waive their right to object to other evidence proffered by Plaintiff, when in the course of the hearing it becomes apparent what documents or testimony Plaintiff actually proposes to elicit.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ Robert G. Brazier
Robert G. Brazier
Georgia Bar No. 078938
Steven G. Hall
Georgia Bar No. 319308
Joshua Tropper
Georgia Bar No. 716790
*(Admitted pro hac vice)*
*Attorneys for Defendants*

Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA  30326
Phone: (404) 577-6000
Fax: (404) 221-6501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

|  |  |  |
|---|---|---|
| INTENDIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:10-cv-02419-DKC-WC |
| | ) | |
| RIVER'S EDGE PHARMACEUTICALS, LLC, *et ano.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed **DEFENDANTS' MOTION TO EXCLUDE (1) EXPERT TESTIMONY PROFFERED BY PLAINTIFF (DAUBERT v. MERRELL DOW PHARMACEUTICALS, INC.), (2) EXPERT OPINIONS BY UNIDENTIFIED EXPERTS OR ON UNDESIGNATED TOPICS; AND (3) OTHER EVIDENCE NOT RELEVANT TO THE ISSUES BEFORE THE COURT** via the Court's ECF electronic filing system, which will automatically send a copy to the following attorneys of record:

Randall K. Miller
Nicholas M. DePalma
ARNOLD & PORTER LLP
1600 Tyson Boulevard
Suite 900
McLean, VA 22102-4865
Email: Randall.Miller@aporter.com
Email: Nicholas.DePalma@aporter.com
*Counsel for Plaintiff*

Robert A. Stolworthy, Jr.
Ian Hoffman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000
(202) 942-5999 (fax)
Email: Robert.Stolworthy@aporter.com
*Local Counsel for Plaintiff*

Respectfully submitted this 19th day of October, 2010.

/s/ Robert G. Brazier
Robert G. Brazier
Georgia Bar No. 078938
Steven G. Hall
Georgia Bar No. 319308
Joshua Tropper
Georgia Bar No. 716790
*(Admitted pro hac vice)*

- 7 -

- 8 -

*Attorneys for Defendants*

Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA  30326
Phone: (404) 577-6000
Fax: (404) 221-6501

Michael Kator
Kator Parks & Weiser PLLC
1200 18th Street, NW
Suite 1000
Washington, D.C. 20036
mkator@katorparks.com
*Local Counsel for Defendants*